IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,807-01






EX PARTE MANUEL VASQUEZ








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 98-CR-3116C-W1 IN THE 144TH JUDICIAL DISTRICT COURT


BEXAR COUNTY






 Per Curiam. Hervey, J., not participating.



O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 Applicant was convicted in 1999 of capital murder. Tex. Penal Code Ann. §
19.03(a)(2). Based on the jury's answers to the special issues set forth in the Texas Code of
Criminal Procedure, Article 37.071, sections 2(b) and 2(e), the trial court sentenced him to
death. Art. 37.071, § 2(g). (1) This Court affirmed applicant's conviction and sentence on
direct appeal. Vasquez v. State, 67 S.W.3d 229 (Tex. Crim. App. 2002).

 Applicant presented seven allegations in his application in which he challenges the
validity of his conviction and sentence. The trial court held a live evidentiary hearing. As
to all of these allegations, the trial judge entered amended findings of fact and conclusions
of law and recommended that relief be denied.

 This Court has reviewed the record with respect to the allegations made by applicant. 
We agree with the trial judge's recommendation and adopt the trial judge's amended findings
and conclusions, with the following exceptions: the second and third full paragraphs on page
4 (finding that applicant failed to challenge the selection or composition of the grand jury;
the record shows that applicant did file and present a pre-trial motion to set aside the
indictment based on the composition of the grand jury, but he did not allege any specific facts
or present any evidence in support); the paragraph that begins on page 9 and ends on page
10 (finding that applicant failed to establish the genuineness of the prosecutor's notes); the
last full paragraph on page 14 (finding "no evidence" and no new evidence of accomplice's
gang membership); the paragraph that begins on page 21 and ends on page 22 (finding that
uncalled witnesses are not credible because of their criminal records); paragraph beginning
on page 28 and ending on page 29 (finding that the record is silent as to counsel's reasons
for not calling an expert witness); first full paragraph of page 34 (finding that counsel did not
seek a limiting instruction because he did not want to call attention to the evidence);
paragraph that begins on page 35 and ends on page 36 (finding that evidence was beneficial
to the defense); pages 36 through 38 (finding that prosecutor's closing argument describing
execution process was proper because invited); and the third full paragraph on page 39
(describing applicant's ineffective assistance of counsel claim as his "third claim for relief"). 
In addition, we have considered and rejected applicant's claim concerning counsel's failure
to object to the prosecutor's description of applicant as "perhaps the most dangerous man
ever to set foot in this building." Based upon the trial court's findings and conclusions and
our own review of the record, relief is denied.

 IT IS SO ORDERED THIS THE 18TH DAY OF NOVEMBER, 2009.


Do Not Publish
1. Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal
Procedure.